UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JAMES SPEARS, JR                                                                                    PLAINTIFF

V.                              No. 2:22-CV-00116-KGB-BBM

MICHAEL H. RICHARDSON, *et al*.                                                       DEFENDANTS

## ORDER

On June 28, 2022, Plaintiff James Spears, Jr. ("Spears") filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, bringing various claims stemming from an alleged prison riot that occurred in the East Arkansas Maximum-Security Unit ("EARU-Max") of the Arkansas Division of Correction ("ADC") on February 1, 2022. (Doc. 2). After screening of the Complaint and an initial round of dispositive motions on the issue of exhaustion, Spears is proceeding on the following claims:

1. An inadequate medical care claim against Tracy Bennett, who was allegedly aware of his need for medical treatment for a stab wound but refused to provide it.

2. A failure-to-train and failure-to-supervise claim against Bennett's employer, Wellpath, LLC.[1]

3. Supervisory liability claims against Cecil Burnett and Pearlie Mae Blunt for their alleged failure to ensure the control booths were properly staffed and the barracks porter was supervised.

4. Deliberate indifference claims against Undray Fields, Cleveland Jones, and Sergeant Wilson[2] for allegedly interfering with medical

---

[1] The Clerk will be directed to update the docket to reflect the corrected name of Wellpath, LLC, as provided in its Answer. (*See* Doc. 98).

[2] The identity of Sergeant Wilson is currently in dispute. ADC Defendants claim that the Sergeant Wilson named in Spears's Complaint is "Corey Wilson." (Doc. 12) (ADC Compliance Division returning summons unexecuted and providing Corey Wilson's address under seal); (Doc. 115 at 3).

        staff's ability to treat Spears's stab wound by refusing to remove or loosen his restraints.

5. A failure-to-protect claim against Warden Gaylon Rex Lay, who allegedly knew that a fellow inmate, "Bam" Johnson, posed a serious threat to Spears but failed to have him assigned to another barracks.

4. A conditions-of-confinement claim against Lieutenant Morieon Kelly, Sergeant Stephanie Palmer, Captain Marcus Etherly, and Deputy Warden Michael H. Richardson for placing Spears in an unsanitary, cold cell without clothes, bedding, or running water with a festering stab would from February 2–5, 2022.

5. A retaliation claim against Corporal Deangelo Mitchell for refusing to respond to Spears' repeated pleas for help because Spears had written grievances.

6. Retaliation claims against Sergeant Palmer, Lieutenant Kelly, Captain Etherly, and Major Tyrone Allison for their varied roles in allowing Spears to be escorted to the unsanitary, cold isolation cell without decontamination, subjecting him to those conditions for three days, and transferring him to Varner Supermax ("VSM") after he loudly threatened to sue all of them.

7. A retaliation claim against Major Kenyon V. Randle for his alleged role in transferring Spears to VSM after he threatened to sue.

8. Failure-to-protect claims against Corporals Mitchell and Quadarius Morris for abandoning their posts in EARU–Max 5 on the evening of February 1, 2022.

9. Failure-to-protect claims against Corporal Mitchell, Corporal Morris, Lieutenant Cecil Burnett, and Captain Undray Fields for failing to respond to Spears's pleas for help after he was stabbed.

10. A deliberate indifference claim against Major Randle for not allowing Spears to decontaminate before being taken to an isolation cell.

11. A deliberate indifference claim against Lieutenant Kelly for escorting Spears to the isolation cell without decontamination.

(Doc. 94 at 17–21; Doc. 97 at 3, 11–12; Doc. 90 at 21–22).

        There are several motions pending, which the Court will address in turn.

**I.     Spears's "Notice of Docket Correction" (Doc. 126)**

In his "Notice of Docket Correction" (Doc. 126), Spears moves to correct an exhibit to his previously docketed "Reply to ADC Defendants' Response to Plaintiff's Objections…" (Doc. 124). He seeks the correction to "prevent all confusion relevant to the mislabeled [Reply] Exhibit." (Doc. 126 at 1).

The Reply that Spears seeks to correct is related to his "Objections" and "Motion for Enlargement of Discovery Deadline" (Doc. 115). The Court ruled on that Motion prior to receiving Spears's Reply.[3] (Doc. 123). Thus, Spears's Notice of Docket Correction (Doc. 126) is DENIED as moot.

**II.    ADC Defendants' Motion for Hearing on the Issue of Exhaustion and for Stay of Discovery (Doc. 130)**

The ADC Defendants, Michael Richardson, Kenyon Randle, Gaylon Rex Lay, Tyrone Allison, Morieon Kelly, Marcus Etherly, Undray Fields, Cecil Burnett, Pearlie Mae Blunt, Deangelo Mitchell, Stephanie Palmer, Qudarius Morris, Cleveland Jones, and Corey Wilson ("ADC Defendants"), move for a hearing on the issue of exhaustion and for a stay of discovery while the exhaustion issue is decided. (Docs. 130, 131). In particular, the ADC Defendants seek a hearing to resolve the disputed fact issue on whether administrative remedies were available to Spears from February 1 to March 1, 2022. (Doc. 130 at 1–2;

---

[3] The Federal Rules of Civil Procedure and the Court's Local Rules allow for reply briefs without leave of court only in very narrow circumstances—on summary judgment motions and habeas petitions brought under 28 U.S.C. §§ 2254, 2255. *See* FED. R. CIV. P. 56; LOCAL RULE 7.2(b); *cf.* FED. R. CIV. P. 7(a)(7) (allowing a reply to an answer, "if the court orders one"). Thus, the parties must move for leave to file reply briefs in all other circumstances; any such reply filed without leave will not be considered by the Court.

Doc. 131 at 1–2; Doc. 97 at 10–12). Spears objects to reopening the exhaustion issue.[4] (Docs. 138, 141). Alternatively, he asks that Defendants be required to produce the Isolation 3 Inmate Roster from February 1, 2022 to February 20, 2022, and that he be allowed to subpoena one witness to the hearing. (Doc. 138 at 4, ¶ 8).

All Circuits to consider the issue have determined that the Court, not the jury, is the finder of fact on the issue of exhaustion. *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (collecting cases from the Second, Third, Fifth, Seventh, Ninth, and Eleventh Circuits); *Carbajal v. McCann*, 808 F. App'x 620, 639 (10th Cir. 2020). In unpublished *per curiam* opinions, the Eighth Circuit has seemingly affirmed this position and approved the use of pre-trial evidentiary hearings on the issue of exhaustion. *Walther v. Habtermariam*, No. 22-2764, 2023 WL 179889, at *1 (8th Cir. Jan. 13, 2023); *Boyd v. Rechcigl*, 790 F. App'x 53 (8th Cir. 2020) (citing *Lee*, 789 F.3d at 677); *Martinez v. Fields*, 627 F. App'x 573, 574 (8th Cir. 2015).

Accordingly, the ADC Defendants' Motion for Hearing on the Issue of Exhaustion (Doc. 130) is GRANTED. A hearing and briefing schedule will be set by separate order.

Additionally, the ADC Defendants have fourteen (14) days from the date of this Order to either (a) produce the Isolation 3 Inmate Roster to Spears; or (b) file a notice with the Court explaining why such document cannot or should not be produced. All discovery between Spears and the ADC Defendants that is not related to the issue of exhaustion is

---

[4] Except, in an objection currently pending before Judge Baker, Spears asks her to reconsider the decision to dismiss Defendants Payne and Straughn because he "fully exhausted Grievance No.: EAM22-00318." (Doc. 128 at 5–6).

stayed until further order from the Court. The dispositive motions deadline, currently set for May 15, 2024 (Doc. 123), is vacated as to the ADC Defendants only.

The medical Defendants, Tracy Bennett and Wellpath, LLC ("Medical Defendants"), and separate ADC Defendant Karen Wilson[5]—have fourteen (14) days from the date of this Order to file a notice stating whether they intend to participate in the forthcoming exhaustion hearing and briefing schedule.

### III. ADC Defendants' Motion for Extension of Time to Complete Discovery (Doc. 139) and Motion to Withdraw that Motion (Doc. 142)

On March 18, 2024, ADC Defendants moved for additional time to complete discovery "in the event the request for stay [on discovery] is denied." (Doc. 139). On April 1, 2024, Defendants moved to withdraw that Motion.

Defendants' Motion to Withdraw (Doc. 142) is GRANTED. The Clerk's office is directed to TERMINATE Defendants' Motion for Extension (Doc. 139).

### IV. Spears's Motion to Compel Discovery from Medical Defendants (Doc. 134)

Also pending before the Court is Spears's Motion to Compel Discovery from the Medical Defendants and Brief in Support. (Docs. 134, 135). Medical Defendants filed a Response. (Doc. 136). And, without leave of Court, Spears filed a Reply. (Doc. 140).

At issue are Defendant Bennett's personal social media posts, which, beyond pure speculation from Spears, do not appear related to the underlying inadequate medical care claim against Bennett. (Doc. 134 at 5–6); (*see* Doc. 94 at 17–18) (Judge Baker's Order examining the factual basis for Spears's claim against Bennett and allowing him to proceed

---

[5] At the time ADC Defendants' Motion for Hearing was filed, Karen Wilson had not yet entered her Answer and, thus, was not a party to the Motion. (*See* Docs. 130, 133).

5

on that claim). Also at issue are Bennett's educational, employment, and complaint history, which, at least at first blush, appear highly relevant to Spears's failure-to-supervise and failure-to-train claims against Wellpath, LLC. (*See* Doc. 94 at 19–21) (Judge Baker's Order allowing Spears to proceed with his claim against Wellpath, LLC).

Given the pending exhaustion hearing, complicated nature of this case, copious amounts of discovery, and associated discovery disputes, the Court revisits Spears's request for appointed counsel. (*See* Doc. 107 at 5, ¶ 9); *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (factors for courts to consider in appointing counsel).

A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson* 902 F.3d at 850 (citations omitted). Here, the Court finds that appointment of counsel is warranted.

Accordingly, pursuant to LOCAL RULE 83.7, the Court appoints Jim Jackson as counsel for Spears. The Court will no longer accept for filing any *pro se* pleadings submitted by Spears—instead, all future pleadings must be filed and signed by his appointed counsel. *See* LOCAL RULE 5.5(c)(1) ("Every pleading, motion, or other paper (except a *pro se* motion to discharge an attorney) filed [o]n behalf of a party represented by counsel shall be signed by at least one attorney of record[.]").

Spears's *pro se* Motion to Compel Discovery (Doc. 134) is DENIED *without prejudice*. If the Medical Defendants and Spears's appointed counsel cannot reach an

amicable resolution regarding the outstanding discovery, the Court will consider a renewed motion to compel. *See* LOCAL RULE 7.2(g).

## V.     Conclusion

IT IS THEREFORE ORDERED THAT:

1. Spears's Notice of Docket Correction (Doc. 126) is DENIED as moot.

2. ADC Defendants' Motion for Hearing on the Issue of Exhaustion and for Stay of Discovery (Doc. 130) is GRANTED.

3. ADC Defendants' Motion to Withdraw their Motion for Extension (Doc. 142) is GRANTED.

4. The Clerk is directed to TERMINATE ADC Defendants' Motion for Extension (Doc. 139).

5. Spears's Motion to Compel (Doc. 134) is DENIED without prejudice.

6. The ADC Defendants have fourteen (14) days from the date of this Order to either (a) produce the Isolation 3 Inmate Roster to Spears' appointed counsel; or (b) file a notice with the Court explaining why such document cannot or should not be produced.

7. Discovery between Spears and the ADC Defendants that is unrelated to the issue of exhaustion is STAYED until further Order from the Court.

8. The dispositive motions deadline, currently set for May 15, 2024 (Doc. 123), is VACATED as to the ADC Defendants only.

9. The medical Defendants, Tracy Bennett and Wellpath, LLC ("Medical Defendants"), and separate ADC Defendant Karen Wilson[6]—have fourteen (14) days from the date of this Order to file a notice stating whether they intend to participate in the forthcoming exhaustion hearing.

10. Jim Jackson, Jackson Law Firm, 700 West Broadway Street, Suite 200, North Little Rock, Arkansas 72342, is APPOINTED to represent Plaintiff in this § 1983 action.

11. The Clerk is directed to send Mr. Jackson a copy of this Order and Local Rules 83.6 and 83.7. If Mr. Jackson is unable to obtain the remainder of the file from CM/ECF, he should contact Judge Moore's Chambers, and a copy of the file, or any portion thereof, will be provided to him free of charge.

12. The Clerk is directed to refrain from docketing any future *pro se* pleadings submitted by Plaintiff.

13. The Clerk is directed to send a copy of this Order and the docket sheet to Plaintiff.

14. Finally, the Clerk is directed to update the docket sheet to reflect the corrected name of Defendant Wellpath, LLC, as provided in its Answer. (Doc. 98).

SO ORDERED this 4th day of April, 2024.

*Benecia Moore*
UNITED STATES MAGISTRATE JUDGE

---

[6] At the time ADC Defendants' Motion for Hearing was filed, Karen Wilson had not yet entered her Answer and, thus, was not a party to the Motion. (*See* Docs. 130, 133).