IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JAMES SPEARS, JR                                                                            PLAINTIFF

V.                         Case No. 2:22-CV-00116-KGB-BBM

MICHAEL H. RICHARDSON, *et al*.                                                   DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Chief Judge Baker may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.   DISCUSSION

On May 30, 2025, Plaintiff James Spears, Jr. notified the Court that he had been released from incarceration and was residing at a private address in Blytheville, Arkansas. (Doc. 198). At the time, Spears had been granted *in forma pauperis* ("IFP") status, but no portion of the mandatory filing fee for prisoners had been remitted to the Clerk's office. (Doc. 3); 28 U.S.C. § 1915(b)(1).

Accordingly, by Order dated June 3, 2025, Spears was directed to file an updated motion to proceed *in forma pauperis* ("IFP Motion") reflecting his free-world financial

status or pay the $402 filing and administrative fees within thirty days.[1] (Doc. 200). Importantly, the June 3 Order informed Spears of his duty to diligently prosecute his case and cautioned Spears that, if he failed to comply with the Order, his case would be dismissed without prejudice pursuant to Local Rule 5.5(c)(2). *Id.* at 1.

Under Local Rule 5.5(c)(2), Spears has a duty to: (1) promptly notify the Clerk of any changes in his address; (2) monitor the progress of his case; and (3) prosecute his case diligently. LOCAL RULE 5.5(c)(2). Additionally, Local Rule 5.5(c)(2) provides that, if any communication from the Court to a *pro se* plaintiff, like Spears, is not responded to within 30 days, the case may be dismissed without prejudice. *Id*. Rule 41(b) of the Federal Rule of Civil Procedure allows the Court to "dismiss the action or any claim," "[i]f the plaintiff fails to prosecute or to comply with…a court order." FED. R. CIV. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). Under that Rule, the Court has discretion regarding whether to dismiss the case with or without prejudice. *Id.*; *see Smith v. Gold Dust Casino*, 526 F.3d 402, 404 (8th Cir. 2008).

Spears has not timely complied with the June 3 Order or otherwise indicated his willingness to prosecute his case. Accordingly, it is recommended that this case be dismissed without prejudice for failure to prosecute.[2]

---

[1] When Spears initiated this action on June 28, 2022, the filing fee was $350 with an additional administrative fee of $52. *See* 28 U.S.C. § 1914; JUDICIAL CONFERENCE SCHEDULE OF FEES, District Court Miscellaneous Fee Schedule, ¶ 14 (effective on Dec. 1, 2020). Plaintiffs who are proceeding IFP are exempt from paying the administrative fee; non-IFP plaintiffs are not. *Id.*

[2] Because Spears's claims are based on events that occurred in February–March 2022, the Court is mindful that any refiling of this case may be time-barred. *See Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019) (noting that the statute-of-limitations period for § 1983 actions filed in Arkansas is three years). Regardless, Spears is not exempt from the requirement that he diligently prosecute his case and

**II.    CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1.    Spears's case be DISMISSED without prejudice for failure to prosecute. LOCAL RULE 5.5(c); FED. R. CIV. P. 41(b).

2.    The pending Motion for Summary Judgment, (Doc. 194), and Spears's Appeal of Magistrate Judge Decision to the District Court, (Doc. 199), be denied as moot.

3.    The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 15th day of July, 2025.

*[signature: Benecia Moore]*
UNITED STATES MAGISTRATE JUDGE

---

comply with court orders. *See Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (finding district court did not abuse its discretion in dismissing case under Rule 41(b) even though plaintiff's claims were effectively time-barred) (citing, *inter alia*, *Brooks v. Special Sch. Dist.*, 129 F.3d 121 (8th Cir. 1997) (unpublished table decision)).